OFFICERS OF COURT, plaintiffs in error, *vs.* HINES & HOBBS, defendants in error.

1. An attorney of a non-resident client is liable for costs where it cannot be collected out of the defendant. In other words, the second section of the Act of 1812, Cobb, 506, is in force in this State.

Motion, in Dougherty Superior Court. Decided by Judge RICHARD H. CLARK, at the June Term, 1863.

This was a motion to enter up judgment against Messrs. Hines & Hobbs, attorneys-at-law, under the following circumstances, to wit: The defendants in error, as attorneys-

at-law, instituted various suits in the Superior Court of Dougherty county, in favor of plaintiffs who resided out of said county. In all of said cases judgments were obtained in favor of the plaintiffs against the defendants. Writs of *fieri facias* were issued from the judgments against the defendants, and returned *nulla bona* by the sheriff.

A rule was then taken reciting these facts, and calling upon the defendants in error to show cause why judgment should not be entered up against them for the costs due on the several *fi. fas.* The defendants in error answered the rule, insisting that under the facts of the case they were not liable for the costs.

The presiding Judge discharged the rule, and error is assigned upon that decision.

SAMUEL D. IRWIN, for plaintiffs in error.

VASON & DAVIS, *contra.*

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

The Court in this case held that the attorneys of non-resident plaintiffs were not liable for costs where executions had been issued against defendants, and *nulla bona* returned thereon, and his Honor, Judge Clark, quoted as his authority the judgment of the Supreme Court in Robinson *et al., vs.* George W. Jones, 30 Ga. Rep., 818.

While the *obiter dicta* of the Court fully sustain the decision of the Judge, *the case,* I beg leave to remark, does not. What was that case? Mr. Downing, attorney of the plaintiff, who resided out of the county of Muscogee, where the suit was pending, was offered as a witness to sustain the action. He was objected to on the ground of interest, being liable for costs, according to the first section of the Act of 1812, Cobb, 505, if the cause failed. The Court sustained the objection, and this Court affirmed its judgment.

The Judge who wrote out the opinion in that case, says: "We think Mr. Downing was an incompetent witness on account of his interest in the costs. The Act of 1812, in rela-

tion to the liability for costs, on the part of counsel for non-resident plaintiffs, Cobb's Digest, page 505, consists of two sections creating different liabilities. The first section makes the attorney liable for costs whenever his client, being a non-resident plaintiff, is cast in his suit, and this section is left unaffected by any subsequent legislation." (And under this section Mr. Downing was excluded.)

The Judge continues: " The second section makes both the attorney and client—that client being a non-resident plaintiff—liable for costs whenever the plaintiff gains the case, but the defendant proves to be unable to pay the costs. This section is modified by the subsequent Acts of 1834 and 1842, on the two next pages, so as to leave out the liability of the attorney in that class of cases. The result of all the Acts is, that the attorney of a non-resident plaintiff, as Mr. Downing was, is liable for costs if he fails to get a judgment against the defendant, and not liable if he succeeds."

It is apparent that the construction of the second section of the Act of 1812, as modified by subsequent legislation, was not called for by the case, and is, therefore, not binding authority upon this or any other Court. I am willing to admit that that construction received my sanction, though I have no recollection upon the subject. But understanding the law differently now, and *stare decisis* not standing in my way, I feel bound, as a matter of justice to public officers who are forced to perform the services required of them, with or without their consent, to reverse the judgment of the Court below, supported as it is by the *obiter dicta* of this Court upon a point not before it, nor necessary to its decision. Attorneys-at-law always protect themselves from liability by stipulating for the payment of costs in advance—sheriffs and clerks have no such privilege.

Then how far has the second section of the Act of 1812 been modified by subsequent legislation? In 1834, Cobb, 506, the Legislature passed an Act prohibiting the officers of Court from demanding or receiving their fees until after judgment, and then to be raised by executions of plaintiffs from defendants if enough could be collected for that purpose, if not then

Officers of Court *vs.* Hines & Hobbs.

by a *fi. fa.* or *ca. sa.* issued under the order of the Court out of plaintiffs.

Under this Act it was held in some of the Judicial Circuits in the State, that the liability of *attorneys* as it existed under the second section of the Act of 1812, was repealed. Hence the Legislature of 1837, Cobb 507, passed an Act declaring that no such repeal was contemplated by the Legislature, and they fully re-enact and continue in force the said second section of the Act of 1812.

In 1842, Cobb 507, 508, the Assembly re-enacted the Act of 1834, in so many words, without the change of a letter or syllable, and the result is said to be (in 30th Georgia) to release the attorney of a non-resident plaintiff, who gets a judgment, from the payment of costs. To negative such a conclusion under the Act of 1834, which is precisely in the same words with the Act of 1842, the Assembly passed the Act of 1839, and for the Court to persevere in adhering to this construction would be highly disrespectful to the declared intention of the Legislature; to interpret the Act to mean one thing, which the authors of the Act say expressly was never contemplated by them, is an act of judicial discourtesy, of which no judicial tribunal having a proper respect for itself will be wilfully guilty.

Let the judgment be reversed.